# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| ANTHONY SANTOS et al., | CASE NO. 13cv17-LAB (WVG) |
|---|---|
| Plaintiffs, vs. | **ORDER REQUIRING SUPPLEMENTAL BRIEFING ON MOTION FOR REMAND; AND** |
| WELLS FARGO BANK, N.A., et al., Defendants. | **ORDER EXTENDING BRIEFING DATES ON MOTION TO DISMISS** |

Currently pending before the Court are Defendant Wells Fargo Bank's motion to dismiss, and Plaintiffs' motion for remand. On February 22, the Court granted Plaintiffs' motion to extend the briefing dates for the motion to dismiss, so that it could first consider its own jurisdiction and whether remand was required. The motion for remand is now fully briefed, and the briefing has raised another issue going to the Court's jurisdiction.

After removal, Plaintiffs filed a first amended complaint ("FAC"), naming as Defendant Gail Fogelman, an appraiser. The original complaint had alleged that Wells Fargo itself inflated the appraisal value, which caused the home's net present value to be negative, and which in turn made them ineligible for a loan modification. (Compl., ¶¶ 21–23, 27–29.) The Complaint , among other things, alleged the modification would have been required under a settlement agreement with the California attorney general. (*Id*., ¶ 17.) It alleged the appraisal was intentionally grossly inflated to give Wells Fargo an excuse to deny the loan

modification Wells Fargo would otherwise have been required to give Plaintiffs.. (*Id.*, ¶ 29.) And it also alleged that because of Wells Fargo's knowing misrepresentation of the property value, Plaintiffs were deterred from seeking alternate financing. (*Id.*, ¶ 34.) Among its other allegations, the FAC names the appraiser, Gail Fogelman, as cooperating with Wells Fargo and knowingly providing Wells Fargo with the inflated appraisal. (FAC, ¶¶ 23, 31, 35, 38.)

The problem here is that Fogelman, like Plaintiffs, is a California citizen, and her presence in this action would destroy diversity. Where joinder of a nondiverse defendant after removal would divest a federal district court of diversity, Fed. R. Civ. P. 15(a) and (d)'s permissive amendment provisions do not apply. *See Clinco v. Roberts*, 41 F. Supp. 2d 1080, 1086–87 (C.D.Cal.1999); *Winner's Circle of Las Vegas, Inc. v. AMI Franchising, Inc.*, 916 F.Supp. 1024, 1026 (D.Nev. 1996). Instead, the Court must analyze the propriety of joinder under 28 U.S.C. § 1447(e), which allows the Court to deny joinder and retain jurisdiction, or permit joinder and remand. In making its decision, the Court is guided by the factors identified in *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998).

Neither side adequately addressed these issues in their briefing. Plaintiffs treat the filing of the FAC as a *fait accompli*, and it was only in their reply brief that they addressed address whether this amendment was permissible. Defendants never addressed the permissiblity of joinder at all; their position is that the joinder of a nondiverse defendant after removal is irrelevant, and that the only thing that matters is whether diversity jurisdiction existed at the time of removal. For this proposition, they rely on *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 570–71, 580 (2004).

*Grupo Dataflux* stands for a different proposition, however. That decision addressed a situation where diversity was absent at the time of removal, but where changes in the parties' citizenship created complete diversity later. That case reiterated the well-known time-of-filing rule dating back to Chief Justice Marshall's time, that "[w]here there is *no* change of party, a jurisdiction depending on the condition of the party is governed by that condition, as it was at the commencement of the suit." *Grupo Dataflux*, 541 U.S. at 574 (citing *Connolly v. Taylor*, 27 U.S. 556 (1829)). *Grupo Dataflux* went on to hold that change in the

defendant's citizenship after the case was filed could not create jurisdiction. It did not announce a new rule that would have overruled long-established case law, as Defendants argue. And *Grupo Dataflux*, it is worth noting, was not a removal case. *See Garland v. RLI Ins. Co.*, 491 F. Supp. 2d 338, 341–42 (W.D.N.Y. 2007) (holding that *Grupo Dataflux* and *Freeport-McMoRan, Inc. v. KN Energy, Inc.*, 498 U.S. 426 (1991) were inapposite to the question of whether remand was required after joinder of a nondiverse party).

The issue here is different. Assuming, *arguendo*, all parties were diverse at the time of removal[1] and removal was therefore proper, the Court can still permit joinder of a nondiverse party, even though joinder would destroy the Court's jurisdiction and require remand. *See Powerex Corp. v. Reliant Energy Servs., Inc.*, 551 U.S. 224, 231–32 (2007) (discussing the meaning of § 1447(e)); *Stevens v. Brink's Home Security, Inc.*, 378 F.3d 944, 949 (9th Cir. 2004) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068 (9th Cir. 2001) ("[Section 1447(e)" requires a district court either to deny joinder of non-diverse defendants or to permit joinder and remand the case to state court. A district court may not allow joinder and retain jurisdiction.") None of the other cases Defendants cite are any more apposite than *Grupo Dataflux* is, and they do not read *Grupo Dataflux* as overruling the holding of cases such as *Stevens*, or invalidating § 1447(e).

Here, Plaintiffs have already filed the FAC and joined a nondiverse Defendant. In general, the Court would consider the propriety of joinder when presented with a motion for leave to amend, or failing that, a motion to deny joinder. *See Estate of Harmon* ex rel. *Patrick v. Avalon Health Care, Inc.*, 2012 WL 6674425, slip op. at *1 (D. Ariz., Dec. 20, 2012). Because the FAC has already been filed, the Court must now determine, pursuant to § 1447(e), whether it should be allowed to remain, or whether amendment should be denied.

Even though neither party has raised this jurisdictional issue, the Court must do so *sua sponte*. *See Chapman v. Pier 1 Imports (U.S.) Inc.*, 631 F.3d 939, 954 (9th Cir. 2011) (en banc). The parties are therefore directed to brief the issue of whether Fogelberg may

---

[1] The parties dispute whether Wells Fargo was a citizen of California, or only of South Dakota. There is some disagreement about where Wells Fargo's principal place of business is, however, making this issue not as easily resolved as is the joinder of Fogelberg.

be joined as a Defendant. Their supplemental briefs should address the factors identified in *Newcombe*, 157 F.3d at 691 and should not exceed seven pages (not counting any appended or lodged material). They may, of course, be shorter. Defendants, as the parties resisting remand, bear the burden of showing Fogelberg should not be joined. The briefs should be filed no later than Monday, **March 11, 2013**, and the parties should meet and confer in order to arrange for approximately simultaneous filing. If Defendants disagree between themselves about whether Fogelberg may be joined, they may file separate briefs, but otherwise each side should file only one brief. If Defendants agree Fogelberg may be joined, they should notify Plaintiffs' counsel as soon as possible, and the parties should file a notice so stating.

In light of this order, the hearing date on the motion dismiss is **CONTINUED** from April 2 to **April 15, 2013**, and the briefing dates are continued accordingly. The hearing on the motion for remand, currently on calendar for Monday, March 4, 2013, is **VACATED**.

**IT IS SO ORDERED**.

DATED: February 26, 2013

*[signature]*

**HONORABLE LARRY ALAN BURNS**
United States District Judge