1
2
3
4
5
6
7

8           **UNITED STATES DISTRICT COURT**

9           **SOUTHERN DISTRICT OF CALIFORNIA**

10

11   ANTHONY SANTOS et al.,                          CASE NO. 13cv17-LAB (WVG)

12                              Plaintiffs,           **ORDER ACCEPTING AMENDED**
                                                      **COMPLAINT;**
13          vs.
                                                      **ORDER DENYING COSTS AND**
14   WELLS FARGO BANK, N.A., et al.,                  **ATTORNEY'S FEES; AND**

15                              Defendants.           **ORDER OF REMAND**

16

17         On January 3, 2013, this action was removed from the Superior Court of California

18   for the County of San Diego, solely on the basis of diversity jurisdiction. On January 29,

19   Plaintiffs filed a first amended complaint adding a non-diverse Defendant, Gail Fogelman.

20   On January 31, Plaintiffs moved to remand, arguing that diversity was absent at the time of

21   removal because Defendant Wells Fargo is a citizen of California, and also because

22   Fogelman had been added. Plaintiffs' motion requested costs and attorney's fees. On

23   February 1, Wells Fargo filed a motion to dismiss.

24         After the motion to remand had been briefed, the Court issued an order pointing out

25   that the parties had assumed the complaint could be amended to add Fogelman, even

26   though it is absolutely clear she is non-diverse.  The order noted that the real question was

27   whether Fogelman could be added at all, and that, if she was added, remand was required.

28   The Court therefore ordered the parties to file supplemental briefing addressing the question

1  of whether the amended complaint, which added Fogelman as a Defendant, should be
2  allowed.

3         The parties have now filed the required briefing. Because this issue is jurisdictional,
4  the Court is required to address it first, before considering the merits of the case. *See*
5  *Petersen v. County of Stanislaus*, 2013 WL 150062 (E.D.Cal., Jan. 14, 2013) (citing *Steel*
6  *Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94–95 (1998)) ("[A] court should first
7  address a motion to remand when a motion to remand and a motion to dismiss are
8  simultaneously pending . . . .")

9  **Discretion to Add Non-Diverse Defendant**

10        Under 28 U.S.C. § 1447(e), after a case is removed on the basis of diversity, the
11  Court may permit a non-diverse defendant to be added, and remand the case. The Court
12  may not, as Wells Fargo argued earlier, permit the addition of a non-diverse defendant but
13  proceed to adjudicate the case anyway. *See Stevens v. Brink's Home Security, Inc.*, 378
14  F.3d 944,949 (9th Cir. 2004) (citing *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1068
15  (9th Cir. 2001)) ("[Section 1447(e)] requires a district court either to deny joinder of
16  non-diverse defendants or to permit joinder and remand the case to state court. A district
17  court may not allow joinder and retain jurisdiction.")

18        The decision whether to allow or deny joinder is left to the district court's discretion.
19  *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 691 (9th Cir. 1998). In making its
20  determination, the Court considers possible prejudice to the parties, the balance of equities,
21  and the need to avoid injustice. *Id*. As part of this analysis, courts in this Circuit have
22  considered factors including 1) whether the party to be joined is needed for just adjudication
23  and would be a necessary party under Fed. R. Civ. P. 19(a), 2) the plaintiff's motive for
24  joining the party, and whether the non-diverse party is merely being added to destroy
25  diversity, 3) delay in seeking to add the non-diverse party, 4) whether denial of joinder would
26  result in claims against the non-diverse party being time-barred, 5) the apparent validity of
27  the claim, and 6) any prejudice to the plaintiff if amendment is denied. *See, e.g., Clinco v.*
28  *Roberts*, 41 F. Supp. 2d 1080, 1082 (C.D.Cal., 2011), *Ansley v. Metropolitan Life Ins. Co.*,

215 F.R.D. 575, 579–80 (D.Ariz. 2003) (citing authority). The underlying presumption is that the joinder is not fraudulent, and the party asserting fraudulent joinder bears the burden of proof. *Hamilton Materials Inc. v. Dow Chemical Co.*, 494 F.3d 1203, 1206 (9th Cir. 2007).

Fogelman was added early in the litigation, just a few weeks after removal and before any discovery or substantial proceedings. Wells Fargo argues Plaintiffs could have easily ascertained her identity, and could have added her earlier, but the record does not suggest any intentional or undue delay. It does not appear claims against Fogelman would be time-barred if they were refiled in state court.

Plaintiffs have also argued that Wells Fargo itself isn't diverse, because it has its principal place of business in California and Plaintiffs are California citizens. Wells Fargo, for its part, argues that it is only a citizen of the state where its main office, *as specified in its articles of association*, is located*, i.e.*, South Dakota. As discussed further below, there is authority for both positions. But Plaintiffs have at least a good-faith argument that Wells Fargo itself is non-diverse, which lessens the probability that they may have joined Fogelman purely to defeat diversity.

The claims against Fogelman are certainly related to the claims against Wells Fargo, and it appears Fogelman's presence in this action is necessary for just adjudication. The amended complaint alleges Fogelman and Wells Fargo both intentionally colluded to inflate the appraisal of Plaintiffs' home  (FAC, ¶¶ 31, 34, 61) or, alternately, that the appraisal value was negligently inflated. (*Id.*, ¶ 49.) In their supplemental briefing, Plaintiffs argue they have discovered that Fogelman has held herself out both as an employee of Wells Fargo and also as an independent appraiser. Assuming the theory is that Fogelman and Wells Fargo intentionally worked together to create an inflated appraisal, Fogelman is a necessary party; if she were absent, Wells Fargo would be free to point the finger at her in order to absolve itself of responsibility. If claims against Fogelman were tried separately in state court, she would be free to point the finger at Wells Fargo as well. In this way, each Defendant might escape liability by convincing a separate jury that the other was the malefactor.  This possibility, plus the expense of litigating in two forums, would tend to prejudice Plaintiffs.

1   Although Fogelman objects to being joined as a Defendant, it is also possible that if

2   the claims were tried separately she might be found liable for colluding with Wells Fargo, but

3   Wells Fargo found not liable, leaving her holding the proverbial bag.

4   Wells Fargo has argued that the claims against Fogelman are invalid on their face.

5   As noted, the Court does not at this stage engage in an adjudication on the merits, and there

6   is a presumption against fraudulent joinder. *See Vincenti v. Exxon Mobil Corp.*, 2011 WL

7   5827955 (C.D.Cal., Nov. 16, 2011) (citations omitted) (analyzing apparent validity of claims

8   under the fraudulent joinder standard, and requiring the party opposing joinder to prove "that

9   there is absolutely no possibility" plaintiffs could establish a claim against the defendants

10   they proposed to add). Wells Fargo's arguments rely on the standard used for motions to

11   dismiss, and argue that the amended complaint doesn't allege all the elements of fraud.

12   Even accepting this as true, the issue is not whether the complaint is properly pleaded, but

13   whether it is possible Plaintiffs could establish a claim.

14   Wells Fargo argues that because appraisals are necessarily opinions, they are

15   incapable of being fraudulent or even of amounting to a negligent misrepresentation. This

16   is an inaccurate, or at least incomplete, statement of California law. *See First Commercial*

17   *Mortgage Co. v. Reece*, 89 Cal. App. 4th 23, 31–32 (Cal. App. 2 Dist. 2001) (lender who

18   justifiably relied on inflated appraisal in making loan could pursue claim against borrowers)*;*

19   *Slavin v. Trout*, 18 Cal. App. 4th 1536, 1540 (Cal. App. 2 Dist.) (holding that secured lender's

20   claim against real estate appraiser for negligent appraisal that overvalued property accrued

21   when the property was foreclosed on and the lender lost money). Assuming, as the Court

22   must do at this stage, that the allegations against Fogelman are true, she could probably be

23   liable for either fraud or negligent misrepresentation, if she gave a false appraisal to Wells

24   Fargo or its agent, intending that it be conveyed to Plaintiffs. In any case, the California

25   Unfair Business Practices Act, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, is very broad, and

26   Plaintiffs' claim under this law would probably survive even if the elements of fraud or

27   negligent misrepresentation were not met. The scope of this law is broad and sweeping,

28   / / /

treating "any unlawful, unfair or fraudulent business act or practice" as actionable. *See Rubin v. Green*, 4 Cal.4th 1187, 1200 (1993).

In view of the factors described in *Newcombe* and the factors relied on by other courts in this Circuit, the Court exercises its discretion to allow Fogelman to be added as a Defendant, and accepts the amended complaint (Docket no. 5) as filed.  Because her joinder destroys diversity and deprives the Court of jurisdiction, remand is required.

**Costs and Attorney's Fees**

The Court may award attorney's fees for an improper removal, if the removing party lacked an objectively reasonable basis for removal. *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 136 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied.")

The question of Wells Fargo's citizenship has been litigated in this District and other courts. While the holding of this Court has been that Wells Fargo is a citizen of California, other courts have taken different approaches. *See Grace v. Wells Fargo Bank, N.A.*, ___ F. Supp. 2d ___, 2013 WL 663169, slip op. at *2–*4 (S.D.Cal., Feb. 21, 2013) (Curiel, J.) (discussing circuit split and intra-circuit disagreements concerning how a national banking association's citizenship is determined). Wells Fargo's position that it is not a California citizen has some objective support, and Wells Fargo was not unreasonable in believing complete diversity was present at the time of removal. And obviously, Wells Fargo could not be expected to know that Fogelman would be added, making it absolutely clear diversity was lacking. An award of costs and attorney's fees is therefore inappropriate.

**Conclusion and Order**

For the reasons set forth above, joinder of Defendant Gail Fogelman is **GRANTED**, and the amended complaint is **ACCEPTED AS FILED**. Plaintiffs' request for costs and attorney's fees is **DENIED**. Except for the motion to remand, which is **GRANTED**, all pending motions are **DENIED AS MOOT** and all pending dates are **VACATED**. This action is

1  **REMANDED** to the Superior Court of California for the County of San Diego, from which it

2  was removed.

3

4  **IT IS SO ORDERED**.

5  DATED:  April 2, 2013

6

7  **HONORABLE LARRY ALAN BURNS**
   United States District Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

13cv17